WALTER E. HENDERSON, SENIOR, AND HAZEL M. HEN-DERSON, HUSBAND AND WIFE, AS JOINT TENANTS, APPELLANTS, v. THEODOR MARCH, RESPONDENT.

No. 15008

December 6, 1984                                              691 P.2d 424

*John C. Hope, Jr.,* Reno, for Appellants.

*John R. McCormick,* Fallon, for Respondent.

# OPINION

*Per Curiam:*

Appellants and respondent own abutting tracts of property. Appellants sought to eject respondent from a portion of the property to which appellants claim title. The district court entered judgment for respondent, based upon its determination that the parties or their predecessors in interest had established a boundary by "acquiescence." This is an appeal from that judgment. Because we have determined that the evidence was not sufficient to establish a boundary by acquiescence, we reverse.

On March 16, 1979, appellants purchased the parcel of property abutting the property owned by respondent. Appellants had their property surveyed on March 13, 1981, and discovered at that time that a wood fence separating appellants' and respondent's parcels of property was situated about two feet onto appellants' property. The evidence indicates that fences of various sorts were in essentially the same location as the present fence, since as early as 1956.

An agreed boundary by acquiescence is established where the following is shown: (a) dispute or uncertainty as to the boundary; (b) possession to a certain line; (c) possession for a specified period of time, and (d) acquiescence to that possession, from which an agreement is implied. Sceirine v. Densmore, 87 Nev. 9, 479 P.2d 779 (1971). It is essential to show that a previous dispute or uncertainty existed regarding the true boundary; this element cannot be implied by the passing of time alone. Sceirine v. Densmore, 87 Nev. at 14.

The record in the present case discloses no evidence of the requisite dispute or uncertainty between the parties or their predecessors in interest. The district court found that there was "an implication that the predecessors in interest of plaintiffs and defendants had a dispute as to the actual location of their mutual boundary." As in the case of *Sceirine,* however, the instant case discloses neither evidence of a dispute, nor evidence of affirmative conduct on the part of appellants or their predecessors in interest to show that at one time in history they realized that the fence might not be the true boundary, but that they acquiesced in the respondent's possession of the disputed property. *See* Sceirine v. Densmore, *supra* at 14. Therefore the district court erred by

implying an element of an agreed boundary by acquiescence which needed to be proven.

Accordingly, we reverse the district court's order.